

Bradford J. Axel
(206) 892-2102
bradford.axel@stokeslaw.com

November 21, 2019

*Via ECF*

Hon. P. Kevin Castel
United States District Court (SDNY)
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007-1312

> 1. The depositions of King, Murali and Neal shall proceed on December 4, 5 and 9.
> 2. HOV shall produce the four noticed deponents on dates selected by ASG between December 9 and December 20 or between January 6 and January 24. Failure to produce the witnesses on the dates selected may result in dismissal of the Complaint.
> 3. File letter brief on Source Code by December 6 and response by December 13.
> SO ORDERED.
> Dated: 11/25/2019
>
> *P. Kevin Castel*
> P. Kevin Castel
> United States District Judge

Re:  *HOV Services, Inc. v. ASG Technologies Group, Inc.,*
Case No. 18-CV-09780-PKC
Next Case Management Conference: April 3, 2020

Dear Judge Castel:

On behalf of ASG Technologies Group, Inc. ("ASG"), we respectfully request permission to move the Court for relief on several discovery issues: (1) HOV's failure to cooperate in scheduling the depositions and (2) HOV's failure to deposit requested source code into escrow for evaluation by the parties' experts.

### CERTIFICATION

ASG's counsel of record certifies under Fed. R. Civ. P. 37(a)(1) that counsel has conferred in good faith with HOV's counsel regarding the two issues set forth below but has been unable to come to a resolution without the Court's intervention.

### DISCOVERY DISPUTES

**1. Deposition Scheduling**

ASG served deposition notices for five HOV deponents on October 28 and a sixth on November 8. Almost a month has passed, and HOV's counsel has only provided dates for two of the six individuals noted. There have been many long emails between counsel and a couple phone calls, but the bottom line is that HOV's counsel feels comfortable slow playing the deposition scheduling process. There is little ASG can do other than send more email. Here is a sampling of the early dialogue on the subject:

55238-009 \ 28035059

1420 Fifth Avenue, Suite 3000 | Seattle, Washington 98101-2393 | 206.626.6000
120 N. Naches Avenue | Yakima, Washington 98901-2757 | 509.853.3000
www.stokeslaw.com

- **October 29** — ASG Counsel: "*Yesterday we served a handful of deposition notices. I would like to firm up the timing so we can make our travel plans. I am fine with having them at your office, if that would be more convenient for you.*" (Axel Decl. Ex. A).

- **October 30** — HOV Counsel — "*Some months ago I proposed . . . that each side compile a list of witnesses and we jointly work to come up with a schedule that makes sense . . . I think we should undertake that approach now. We will compile a list of the ASG witnesses we would like to begin with and a 30(b)(6) list of topics. Then maybe next week we can work together on figuring out the schedule . . . .*" (Id.)

- **October 30** — ASG Counsel: "*We are happy to work with you on timing/location. But please do two things this week: (i) contact the HOV deponents to get dates and (ii) send your list of ASG deponents this week if possible . . . . I do not want to take a leisurely approach to deposition planning. Also, December is a bad month for me, so I do not want the weeks of November 11 and 18 to go unused.*" (Id.)

- **November 8** — ASG Counsel: "*We served deposition notices 12 days ago and I specifically told you that I wanted to use the weeks of November 11 and 18. You have yet to provide proposed dates for any of the noticed individuals. On our call earlier this week, you said you would by the end of this week.*" (Axel Decl. Ex. D).

- **November 8** — HOV Counsel: "*Further to our discussions earlier this week, we are working to obtain a possible deposition schedule for the witnesses you have prioritized. . . . I do not see any of this happening in the next two weeks or Thanksgiving week . . . . With respect to depositions of ASG people, we will want to start with Karl Early, Derek Simmons, Derek Eckelman and Chuck Neal . . . .*" (*Id.*).

- **November 9** — ASG Counsel: "*You are doing exactly what I asked you not to do and trying to waste the two weeks that I asked not be wasted (Nov. 11-15 and 18-22). We simply want proposed dates and locations for the depositions that ASG noted two weeks ago. Waiting two weeks and then sending a long email that says nothing and provides no dates is unhelpful.*" (*Id.*).

More emails and phone calls followed, but as of this letter, HOV has only offered dates for Messrs. King and Murali in Dallas on December 5 and 9. (Mr. Neal from ASG is being deposed on December 4, also in Dallas.) No other dates have been provided. ASG apologizes for involving the Court on such a trivial matter, but, unfortunately, ASG cannot force HOV to cooperate. So, ASG seeks leave to move the Court to compel HOV to provide dates for all of the identified people to be deposed on or before January 10. ASG will do the same.[1]

2. **Source Code Deposit**

---

[1] As of this letter, ASG's counsel tried to schedule a trip to Michigan during the week of December 16 so that one HOV and one ASG witness could be deposed. (Axel Decl. Ex. I) HOV declined. (Axel Decl. Ex. K)

November 21, 2019
Page 3

In July, based on documents obtained from HOV in discovery suggesting that HOV had reversed engineered/copied ASG source code, ASG moved for leave to add a new trade secret claim against HOV. The Court granted ASG's motion. (Dkt. 51) To develop that new claim, ASG requested the following source code from HOV:

> NO. 21: Complete source code for all production and test versions of DocumentDNA created, released, tested or modified after January 1, 2015.
>
> NO. 22: Complete source code for all production and test versions of BoxOffice created, released, tested or modified after January 1, 2015.[2]
>
> NO. 23: Complete source code for all production and test versions of any software, application(s), program(s) or tool(s) used by or on behalf of HOV to extract or migrate documents or data from the ASG Software (including the process(es) referred to by HOV as the "DocDNA Migration" or "Mobius migration", *see. e.g.,* documents Bates numbered HOV0006984-6992, HOV0007424-7426, and HOV0007477-7480), including without limitation those referred to as the "extraction application" (*see* document Bates numbered HOV0000244-246), the "migration application" and "code to migrate Text Files and XML Files" (*see* document Bates numbered HOV0007032-7037), and "extraction policies" (*see* document Bates numbered HOV0002475), created, released, tested or modified after January 1, 2015. (Axel Decl. Ex. L).

Knowing that source code was now part of the case, ASG and HOV agreed to a new enhanced protective order; chose a source code escrow company, and entered into a three-way discovery agreement with that escrow. And ASG has for a number of weeks been ready to deposit the source code that it believes contain its most significant trade secrets. However, HOV is not willing to deposit the code requested in RFP Nos. 21-23, but rather is only willing to deposit a loosely defined small subset of that code. HOV's counsel summarized its position thusly on November 20:

> Following on our discussion at the meet and confer, we have decided to offer only to deposit the source code for the functions analogous to those for which ASG has stated it will be depositing source code with NCC Group: our functions for converting user requests into database queries and extracting data from our archive format. ASG has not advanced any claim that would require HOV to turn over its source code wholesale and we decline to do so merely to indulge ASG's baseless speculation that HOV's replacement for the Mobius software "must" have copied that software. (Axel Decl. Ex. Q).

In other words, HOV wants to unilaterally decide what portions of its source code are most likely to have misappropriated ASG's trade secrets.[3] That is like a plagiarizing writer unilaterally

---

[2] BoxOffice is the software that replaced ASG's Mobius product. DocumentDNA is the software that Mobius helped power.

deciding which chapters of his book are mostly likely to have infringed another author's copyrighted work.  ASG does not need to take HOV's word for it.

Because the parties are at an impasse, ASG respectfully seeks leave to move to compel HOV to deposit the source code that ASG has requested in RFP Nos. 21-23 and not the code that HOV thinks is most relevant.

## PROPOSED SCHEDULE

ASG proposes that the deposition scheduling issue be decided by the Court without more briefing from the parties, save HOV's responsive letter.  As counsel will be together in Texas on December 4-6, perhaps we could have a short call with the Court that week.

As for the source code issue, ASG proposes that it be granted leave to file a motion to compel on December 6 and that HOV be required to file any opposition by December 13.

Very truly yours,

STOKES LAWRENCE, P.S.

Bradford J. Axel

cc: All Counsel of Record

SO ORDERED: _____
HONORABLE P. KEVIN CASTEL

---

[3] HOV does not even identify where the source code it proposes depositing is from (i.e. BoxOffice, DocumentDNA or the migration tool).

55238-009 \ 28035059