UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HOV SERVICES, INC.,

                         Plaintiff,                          18-cv-9780 (PKC)

              -against-

                                                             ORDER

ASG TECHNOLOGIES GROUP, INC.,

                         Defendant.
----------------------------------------------------------x

CASTEL, U.S.D.J.

        The sole basis for the Court's subject matter jurisdiction in this action is federal

question jurisdiction.  28 U.S.C. § 1331.[1]  Plaintiff HOV Services, Inc. ("HOV") now wishes to

dismiss with prejudice the only federal claims asserted in its complaint.  Defendant ASG

Technologies Group, Inc. ("ASG") consents to the dismissal with prejudice of all federal claims.

It separately urges that the Court continue to exercise supplemental jurisdiction over HOV's state

law claims and its own state law counterclaims.

        Because ASG consents to the dismissal with prejudice of the federal claims,

HOV's application will be granted and the federal claims will be dismissed with prejudice.

Upon dismissal of the claims upon which subject matter jurisdiction was originally premised, the

Court declines to exercise supplemental jurisdiction over the remaining state law claims and

counterclaims on condition that HOV consents (1) to the right of ASG to assert its counterclaims

in the pending state court action, including the tolling of any statute of limitations on the

counterclaims during the period that they were pending in this Court and for 30 days thereafter;

---

[1] The parties agree that the requirements for diversity jurisdiction are not satisfied as both ASG and HOV are
Delaware corporations.  (Compl. ¶¶ 1–2; Second Am. Countercl. ¶¶ 1–2).

and (2) HOV's consents that any discovery conducted in this action may be used in the state court action.

BACKGROUND

HOV commenced this action on October 24, 2018 alleging federal claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. § 2701, as well as five state law causes of action.  (Doc 1).  HOV's current operative counterclaim is the Second Amended Counterclaim (the "Counterclaim"), which alleges four state law causes of actions.  (Doc 83).

The Court's amended scheduling order required HOV to "confirm whether it will drop any of its main claims" by December 30, 2020.  (Doc 82).[2]  On that day, HOV advised that it intended to drop its federal claims and urged the Court to decline to exercise supplemental jurisdiction over the remaining claims.  (Doc 85).  The Court ordered ASG to show cause "why the federal claims ought not be dismissed with prejudice" and "the state law claims be dismissed without prejudice based upon the Court's declination of supplemental jurisdiction."  (Doc 86).

In response, ASG consented to the dismissal of the federal claims with prejudice but urged the Court to otherwise retain supplemental jurisdiction over the remaining claims.  (Doc 87).  ASG's consent to dismissal of the federal claims is not conditioned upon the Court

---

[2] The parties joint letter motion to amend the scheduling order included the following footnote with respect to the potential dropped claims:

> The parties have discussed the possibility that certain claims and/or counterclaims might be dropped prior to summary judgment and/or that certain additional defenses might be added, and are endeavoring to do this on consent without the need for the intervention of the Court. ASG has identified the claims it will be dropping and adding. HOV will do so on or before the date for it to answer ASG's amended counterclaims. *The parties do not now anticipate that this adjustment of claims will require any additional discovery.* However, to the extent that additional discovery becomes necessary in view of the amended pleadings, the parties will work jointly to resolve any disagreements and to bring disputes to the attention of the Court only as a last resort.

(Doc 82) (emphasis added).

agreeing to exercise supplemental jurisdiction.  "Although the voluntary dismissal of HOV's

federal claims . . . leaves no remaining federal claims in this case, dismissal of the parties'

pendant state law claims and counterclaims is neither mandatory nor automatic. . . .  ASG

respectfully requests that the Court exercise its discretion to retain supplemental jurisdiction . . .

."  (Id. at 2, 4).

DISCUSSION

At this stage of the litigation, HOV cannot unilaterally dismiss the action.

Santiago v. Victim Servs. Agency, 753 F.2d 219, 221–22 (2d Cir. 1985), abrogated on other

grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990).  "Federal Rule of Civil

Procedure 41(a)(2) provides that, absent agreement between the parties, 'an action may be

dismissed at the plaintiff's request only by court order, on terms the court considers proper.'"

Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011) (quoting Rule 41(a)(2), Fed. R. Civ. P).

"District courts within the Second Circuit have adopted the approach of the majority of courts in

other circuits-that is, that Rule 41(a) does not require dismissal of the action in its entirety."

Seidman v. Chobani, LLC, 14-cv-4050, 2016 WL 1271066, at *1 (S.D.N.Y. Mar. 29, 2016)

(Gardephe, J.) (internal quotation marks and alterations omitted); Azkour v. Haouzi, 11-cv-5780,

2013 WL 3972462, at *3 (S.D.N.Y. Aug. 1, 2013) (Sullivan, J.) (collecting cases).[3]

Prior to granting dismissal *without* prejudice under Rule 41(a)(2), the court must

evaluate whether the defendant "'would suffer some plain legal prejudice other than the mere

prospect of a second lawsuit.'"  Kwan, 634 F.3d at 230 (quoting Camilli v. Grimes, 436 F.3d

---

[3] Rule 41(a)(2) provides that if the defendant has asserted a counterclaim, "the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  Here, ASG has not objected to the dismissal of the federal claims and merely asks the Court to exercise its discretion to maintain supplemental jurisdiction over the counterclaims.  In any event, the Court's Order ensures that the counterclaims will remain for independent adjudication in state court.

120, 123 (2d Cir. 2006) (noting that a second test courts consider relies on the <u>Zagano</u> factors but that those factors bear "little, if any, relevance where a dismissal without prejudice conditions future litigation on a defendant's actions").  Whereas here, the dismissal sought is with prejudice, "'courts have generally subjected motions for voluntary dismissal *with* prejudice to far less scrutiny.'"  <u>Nix v. Office of Commissioner of Baseball</u>, 17-cv-1241, 2017 WL 2889503, at *2 (S.D.N.Y. July 6, 2017) (Sullivan, J.) (quoting <u>Commercial Recovery Corp. v. Bilateral Credit Corp., LLC,</u> 12-cv-5287, 2013 WL 8350184, at *5 (S.D.N.Y. Dec. 19, 2013) (McMahon, C.J.)); <u>Lakah v. UBS AG</u>, 07-cv-2799, 2016 WL 4257527, at *5 (S.D.N.Y. July 29, 2016) (Preska, J.).

Here, ASG consents to the dismissal of HOV's federal claims with prejudice. (Doc 87, at 1).  Dismissal of the federal claims that results in the Court's declination of supplemental jurisdiction and requires the parties to litigate the action in state court does not amount to legal prejudice for purposes of Rule 41(a)(2).  <u>Nix</u>, 2017 WL 2889503, at *3 ("'[W]hen defendant's only argument against dismissal is that the plaintiff manifestly seeks to defeat federal jurisdiction . . . courts have uniformly held that defendants are not prejudiced under Rule 41(a)(2) by having to face trial in state court.'") (quoting <u>Katzman v. Am. Airlines, Inc.</u>, 97-cv-8321, 1997 WL 752730, at *1 (S.D.N.Y. Dec. 4, 1997)).  Accordingly, HOV's federal claims will be dismissed with prejudice and without costs.

The Court possesses supplemental jurisdiction over the state law claims because they "form part of the same case or controversy" as HOV's now dismissed federal question claims.  28 U.S.C. § 1367(a).  Section 1367(c)(3) provides that the district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."

A district court has discretion to decline to exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed.  Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 83 (2d Cir. 2018).  But the Second Circuit has made clear that the Court's discretion "is not boundless."  Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003).  "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity—the 'Cohill factors.'"  Klein & Co. Futures v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  Cohill, 484 U.S. at 350 n.7; see Catzin, 899 F.3d at 83.

At this stage of the litigation, judicial economy will not be served by the Court retaining the state law claims.  The Court's involvement in the matter to date has been limited, consisting primarily of ruling on ASG's motion to amend its counterclaims and overseeing and resolving discovery issues.  The parties have not moved for summary judgment, the Court has yet to decide an issue on the merits, and the case is far from trial ready.  See, e.g., Kroshnyi v. U.S. Pack Courier Servs., Inc., 771 F.3d 93, 102 (2d Cir. 2014) (concluding no abuse of discretion in exercising supplemental jurisdiction where the case was pending for over six years, "discovery had been completed, dispositive motions had been submitted, and the case would soon be ready for trial"); Lee, 316 F.3d at 305–06 (district court abused its discretion by exercising jurisdiction over a state law claim when at the time federal claims were dismissed "most of the anticipated pretrial discovery had been completed," no judicial opinions had issued,

and the case was not yet trial-ready).  Put simply, HOV's federal claims have been eliminated "prior to the investment of significant judicial resources."  <u>Kolari v. New York-Presbyterian Hosp.</u>, 455 F.3d 118, 124 (2d Cir. 2006).

ASG urges that it would not be efficient to litigate the remaining claims in New York State's Supreme Court, New York County or the Supreme Court's Commercial Division due to the ongoing COVID-19 pandemic.  However, as HOV points out these courts have remained in general operation throughout the pandemic and conducted proceedings remotely. <u>See</u> Administrative Order 267-20 (effective Nov. 4, 2020) ("Parties may commence new matters and proceed in pending matters by any means of filing and service normally permitted under statute and court rule."); Administrative Order 85-20 (effective April, 13, 2020) (directing courts to "assess matters that can be advanced or resolved through remote court conferencing," "decide fully submitted motions," and "maintain availability during normal court hours").  Even though this action is not trial ready, ASG argues that a newly filed case in state court would be subject to undue delay in obtaining a trial date.  But if the action remained in this Court and later proceeded trial, the volume of criminal cases currently requiring a trial, the uncertain course of the COVID-19 pandemic, and the time for deciding a summary judgment motion and other pre-trial motions make it unknowable when a trial date would be set.

ASG further argues that it would be unfair to permit the claims to proceed in state court because it would enable HOV to effectively amend its claims when it otherwise would not be able to if the action remained in federal court.  ASG's submission annexes as Exhibit A the complaint filed by HOV in New York's Commercial Division on December 30, 2020 to show that HOV dropped certain state law claims asserted in this action in favor of other state law causes of action.  Declining to exercise supplemental jurisdiction does not foreclose ASG's

ability to seek dismissal of any newly asserted claim on any appropriate ground, including the

statute of limitations.  See 28 U.S.C. 1367(d) ("The period of limitations for any claims asserted

under [§1367(a)], . . . shall be tolled while the claim is pending and for a period of 30 days after

it is dismissed unless State law provides for a longer tolling period.").  Moreover, as stated in

their joint letter requesting a modification of the scheduling order, "[t]he parties do not now

anticipate that this adjustment of claims will require any additional discovery."  (Doc 82).

       Whether the state law claims would be decided based on established law is just

one factor in the Court's analysis, and neither party has identified any reason as to why it would

be inconvenient to litigate these claims in state court.  New York's Commercial Division is

capable of fairly adjudicating the state law claims.

CONCLUSION

       HOV's federal claims (First and Second Causes of Action in the Complaint) are

dismissed with prejudice and without costs on consent.  The Court declines to exercise

supplemental jurisdiction over HOV's state law claims and ASG's state law counterclaims on

condition that HOV consents (1) to the right of ASG to assert the existing counterclaims in the

state court action, including the tolling of any statute of limitations on the counterclaims during

the period that they were pending in this Court and for 30 days thereafter; and (2) HOV's

consent that any discovery conducted in this action may be used in the state court action;

accordingly, HOV's remaining claims and ASG's counterclaims are dismissed without prejudice.

       The Clerk is directed to terminate the motion (Doc. 85) and close the case.

SO ORDERED.

Dated: New York, New York
       February 2, 2021

_P. Kevin Castel_
P. Kevin Castel
United States District Judge